# A. L. DURGIN v. MERCANTILE ACCEPTANCE COMPANY.[1]

May 21, 1926.

No. 25,315.

**When grant or denial of temporary injunction is within discretion of trial court.**

The rule that it is largely within the discretion of the trial court to grant or deny an application for a temporary injunction is applicable in a case where the injunction is sought to restrain the negotiation of a promissory note alleged to be tainted with usury and the enforcement of a mortgage given to secure the note.

Appeal and Error, 4 C. J. p. 803 n. 87.
Injunctions, 32 C. J. p. 29 n. 13; p. 31 n. 17.

[1]Reported in 209 N. W. 5.

Action in the district court for Hennepin county. The plaintiff appealed from an order, Baldwin, J., denying his application for a temporary injunction. Affirmed.

*Marshall S. Snyder*, for appellant.

*M. A. Jordan* and *Thomas Kneeland*, for respondent.

LEES, C.

Plaintiff brought this action to annul a note and mortgage he had given to the Reilly-Craig Company for an automobile and to enjoin the defendant from transferring the note or attempting to enforce the mortgage, and obtained an order requiring the defendant to show cause why a temporary injunction should not be granted.

The application for the injunction was based on the verified complaint and an affidavit made by plaintiff. By its duly verified answer, defendant alleged that it had purchased the note from the Reilly-Craig Company before maturity, for a valuable consideration and in the due course of business, and had taken an assignment of the mortgage. It also filed an affidavit in support of its answer. The court denied the application and plaintiff appealed.

If the allegations of the complaint are true, the note was tainted with usury. If the allegations of the answer are true, it was not.

Where the material facts are in dispute, it is well-settled that it is very largely within the discretion of the trial court to grant or deny an application for a temporary injunction and that this court will rarely interfere with the exercise of this discretion. Dun. Dig. §§ 4490, 4498. The present case falls within this rule unless it is removed from the application thereof by the usury statute, G. S. 1923, § 7040, which reads thus:

"Whenever it satisfactorily appears to a court that any bond, bill, note, assurance, pledge, conveyance, contract, security, or evidence of debt has been taken or received in violation of the provisions of this chapter, it shall declare the same to be void, enjoin any proceeding thereon, and order it to be canceled and given up."

Plaintiff contends that the statute requires the court to enjoin any proceeding on a note or a mortgage securing it whenever suit is

brought to annul the note or the mortgage on the ground of usury. Granting for the purpose of the argument that, where the fact of usury is made to appear to the satisfaction of the court, an injunction must be granted, it does not follow that the mere allegation of usury in the moving papers in and of itself is sufficient to compel the court to grant an injunction when the allegation is denied. In other words we think that, no matter upon what ground a temporary injunction is sought, it is within the sound discretion of the court to grant or refuse it after considering all the evidence pro and con.

Plaintiff concludes from the phrasing of a portion of the order that the court was of the opinion that the facts alleged did not make a prima facie showing of a right to an injunction. Standing alone the language might justify that conclusion. But the order must be read as a whole and when so read it is quite apparent that such was not the view entertained by the court. The application was denied without prejudice to a renewal thereof if additional facts were shown or if there was a change in the situation disclosed in the pleadings. Evidently the court was of the opinion that the denial of all the material allegations of the complaint, in conjunction with the new matter pleaded in the answer, justified the refusal of an injunction.

Order affirmed.